**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
TIME INC.,

                Plaintiff,

         v.

CREATURE, L.L.C.,

                Defendant.
------------------------------------------------------------x

**COMPLAINT**

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Time Inc. ("Time" or "Plaintiff"), by its undersigned attorneys, for its complaint against defendant Creature, L.L.C. ("Creature" or "Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.  Time brings this breach of contract and account stated action against Defendant Creature for Creature's failure to pay funds indisputably due and owing to Plaintiff. Pursuant to written orders submitted by Creature on behalf of an advertising client, Creature placed and agreed to pay a specified rate for advertising in the print and digital editions of Sports Illustrated, a magazine published by Time. Sports Illustrated ran the advertisements pursuant to the orders submitted by Creature and duly invoiced Creature based on the agreed-upon rates. However, despite repeatedly admitting that it had received the money from its advertising client for the advertisements, and despite numerous demands for payment from Time, Creature failed to pay Time $110,112.05.

1

Accordingly, Plaintiff has instituted this action to recover the outstanding balance of $110,112.05 from Creature, plus interest thereon.

## THE PARTIES AND JURISDICTION

2. Plaintiff is a Delaware corporation with its principal place of business at 225 Liberty Street, New York, New York 10020.

3. Upon information and belief, Creature is a Washington limited liability company with a principal place of business at 1517 12th Avenue, Seattle, Washington.

4. The Court has subject matter jurisdiction over the claims herein on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), as plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. The Court has personal jurisdiction over Creature because it regularly transacts business in the state of New York.  The Court also has personal jurisdiction over Creature because it contracts to supply goods or services in the state.

6. Venue is proper in this District, pursuant to 28 U.S.C. §§ 1391(a)(1) and (2), as a substantial part of the events giving rise to this action occurred in this District.

## THE RELEVANT FACTS

7. Time is the largest magazine publisher in the United States.  It publishes, among other magazines, Sports Illustrated, a weekly magazine with approximately 3 million subscribers that is read by more than 30 million people each week.

8. Creature is an advertising agency that, among other things, places advertisements in magazines.

*Creature Fails to Pay for Print Advertisements in Sports Illustrated*

9. Advertisers, or their representatives such as Creature, purchase advertising space in magazines published by Time by submitting "insertion orders" to Time. Creature contracted with Time to place advertisements in the December 15, 2014 (the "First Insertion Order") and December 21, 2015 (the "Second Insertion Order") issues of Sports Illustrated on behalf of Creature's client, Dickies, by submitting insertion orders to Time (the First Insertion Order and the Second Insertion Order are referred to hereafter jointly as the "Insertion Orders").

10. Pursuant to the Insertion Orders, Creature agreed to pay $75,000.00 for the placement of each advertisement, or a total of $150,000.00.

11. Sports Illustrated ran the advertisements in the magazine issues designated by Creature in the Insertion Orders.

12. Sports Illustrated thereafter invoiced Creature the agreed-upon rate -- $75,000.00 -- for the placement of each advertisement, or a total of $150,000.00.

13. Creature acknowledged receipt of the invoices and never disputed or took issue with the amounts charged or the services provided. To the contrary, Creature admitted in communications with Sports Illustrated and Time that the advertisements ran as scheduled and that Creature, which had been paid by Dickies, owed Time the money for the advertisements.

14. In acknowledgment of its debts, Creature paid Time $52,500.00 of the $75,000.00 owed pursuant to the First Insertion Order, reducing the outstanding balance owed by Creature for that advertisement to $22,500.00.

15. Despite repeated demands from Time, and despite repeatedly acknowledging its debt and promising to pay, Creature failed to pay Time the remaining

balance of $22,500.00 owed pursuant to the First Insertion Order and failed to pay any of the $75,000.00 owed pursuant to the Second Insertion Order.

*Creature Fails to Pay for Online Advertisement on Sports Illustrated's Website*

16. In addition to the placement of the advertisements in the print editions of Sports Illustrated, Creature placed orders on behalf of its client, Dickies, for digital advertisements to run on Sports Illustrated's website.

17. Specifically, Creature placed an order on behalf of Dickies for an advertising campaign to run in November and December 2014 on Sports Illustrated's website (the "First Online Advertisement").

18. Creature also placed an order on behalf of Dickies for an advertising campaign to run in December 2015 on Sports Illustrated's website (the "Second Online Advertisement") (the First Online Advertisement and the Second Online Advertisement are referred to jointly hereafter as the "Online Advertisements").

19. Sports Illustrated ran the Online Advertisements on its website pursuant to Creature's orders.

20. Sports Illustrated thereafter invoiced Creature the agreed-upon rate for the Online Advertisements.

21. Creature acknowledged receipt of the invoices and never disputed or took issue with the amounts charged or the services provided for the Online Advertisements. To the contrary, Creature admitted in communications with Sports Illustrated and Time that the Online Advertisements ran as scheduled and that Creature, which had been paid by Dickies, owed Time the money for the Online Advertisements.

4

22. In acknowledgment of its debts, Creature paid Time $7,473.18 of the $10,080.69 owed for the First Online Advertisement, reducing the outstanding balance owed by Creature for the First Online Advertisement to $2,607.51.

23. Creature failed to pay any of the $10,004.51 owed for the Second Online Advertisement.

24. As a direct and proximate cause of Creature's breach of its promise to pay for the advertisements it placed and that Time published in its Sports Illustrated magazine and on Sports Illustrated's website, Time has been damaged in an amount not less than $110,112.05, plus interest.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

25. Plaintiff repeats and realleges, as if fully set forth herein, each of the allegations set forth in paragraphs 1 through 24 above.

26. Time and Defendant were parties to valid contracts under which Defendant agreed to pay for advertisements placed by Defendant and published by Time.

27. Time duly performed its obligations under the contracts.

28. Defendant breached the contracts by failing to pay Time $110,112.05 due and owing despite repeated demands by Time.

29. As a direct and proximate result of the foregoing, Time has been damaged in the amount not less than $110,112.05, plus interest.

## SECOND CAUSE OF ACTION

### (Account Stated)

30. Plaintiff repeats and realleges, as if fully set forth herein, each of the allegations set forth in paragraphs 1 through 29 above.

31. Defendant received and retained without objection each invoice sent by Time, thereby establishing the amounts due and owing by Defendant.

32. Accordingly, Defendant is liable to Time for non-payment of accounts stated totaling $110,112.05, plus interest.

WHEREFORE, Plaintiff Time Inc. demands judgment and relief against Defendant Creature as follows:

    A.    Damages in an amount not less than $110,112.05, together with accrued interest.

    B.    Pre-judgment interest to the extent permitted by law;

    C.    The costs of this action;

    D.    Attorney's fees; and

    E.    Such other relief as the Court may deem just and proper.

Dated: New York, New York
May 4, 2016

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK, P.C.**

By: /s/William A. Rome
William A. Rome
Andrew T. Lolli
875 Third Avenue, 9th Floor
New York, New York 10022
212-603-6300
war@robinsonbrog.com
*Attorneys for Plaintiff Time Inc.*

    *-and-*

TIME INC.
Andrew B. Lachow, Esq.
Vice President and
Deputy General Counsel
225 Liberty Street
New York, New York 10285
(212) 522-8307
andrew_lachow@timeinc.com
*Attorneys for Plaintiff Time Inc. Retail*